UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

CYNTHIA MAHON,                          NO. 2:03-cv-1763-MCE-DAD

      Plaintiff,

  v.                                    ORDER

CROWN EQUIPMENT CORPORATION,
dba CROWN LIFT TRUCKS,
and DOES 1 through 50,
inclusive,

      Defendants.

----oo0oo----

Presently before the Court is the Ex Parte Application of Defendant Crown Equipment Corporation dba Crown Lift Trucks ("Defendant") to extend the time for filing dispositive motions in this matter from August 3, 2007 to September 21, 2007. Defendant argues that it cannot meet the present motion filing deadline because expert depositions have not yet been completed, despite the fact that expert designations were made in late 2006 and despite the fact that the Final Pretrial Conference is scheduled for October 15, 2007, with trial to commence thereafter on December 3, 2007.

1

This case was filed nearly four years ago, on August 25, 2003.  The Court's initial Pretrial (Status) Scheduling Order ("PTSO")  was issued on December 16, 2003.  The PTSO called for designation of expert witnesses to occur by November 12, 2004, and required that any witness so designated furnish a written report concurrently with his or her disclosure.  Following issuance of the initial December 16, 2003 PTSO, the pretrial deadlines were extended pursuant to stipulation of the parties on five additional occasions:  August 10, 2004, November 30, 2004, February 6, 2006, September 21, 2006, and February 5, 2007.

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's standards control.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).   Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause."  <u>See</u> Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.   In explaining this standard, the Ninth Circuit has stated that:

///
///
///
///

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

1  [a] district court may modify the pretrial schedule 'if it
2  cannot reasonably be met despite the diligence of the party
   seeking the extension.' Moreover, carelessness is not
3  compatible with a finding of diligence and offers no reason
   for granting of relief. Although the existence or degree of
4  prejudice to the party opposing the modification might
   supply additional reasons to deny a motion, the focus of the
5  inquiry is upon the moving party's reasons for seeking
   modification. If that party was not diligent, the inquiry
   should end.

Id. (citations omitted).

Although the parties were required by the September 21, 2006 PTSO extension to designate experts by November 17, 2006, defense counsel now argues that the August 3, 2007 deadline for filing dispositive motions, which has been in effect since February 5, 2007, be extended because the depositions of expert witnesses have not yet been completed. According to the Affidavit of Douglas A. Sears filed in support of Defendant's Application, "[d]ue to conflicts in the calendars and trial schedules of counsel and expert witnesses, great difficulty has been encountered in scheduling these depositions." (Sears Affidavit, ¶ 5). Mr. Sears provides no further details, except that several of the experts reside out of California, and makes no attempt to explain why the depositions he requires could not have been obtained after November 17, 2006 and in time for use in connection with dispositive motions to be filed by August 3, 2007. In fact, according to Plaintiff's counsel, dates for the expert depositions were discussed as early as March of 2007. (Affidavit of Benjamin C. Bunn, ¶¶ 4-6).

///
///
///

3

1 | Defendant has failed to meet its burden in demonstrating
2 | diligence under these circumstances, and consequently have not
3 | shown good cause for extending the August 3, 2007 dispositive
4 | motion deadline.  Extending that deadline until September 21,
5 | 2007, as advocated by the defense, would also not allow adequate
6 | time for motions to be resolved prior to the October 15, 2007
7 | Final Pretrial Conference and submission, by the parties, of the
8 | Joint Pretrial Statement fourteen (14) days beforehand.
9 | Based on the Foregoing, Defendant's Ex Parte Application To
10 | Extend Time to File Dispositive Motions is hereby DENIED.
11 | IT IS SO ORDERED.

Dated: August 1, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4