UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CYNTHIA MAHON and GARY MARKLEY,

    Plaintiffs,

  v.

CROWN EQUIPMENT CORPORATION, dba CROWN LIFT TRUCKS, and DOES 1 through 50, inclusive,

    Defendants.

No. 2:03-cv-01763-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

On December 20, 2007, this Court denied Crown Equipment Corporation's ("Defendant") Motion for Partial Summary Judgment on the issue of punitive damages. Mem. & Order, December 20, 2007. Defendant now moves the Court to reconsider that Order.[1]

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

PDF created with pdfFactory trial version www.pdffactory.com

**BACKGROUND**

This lawsuit arises out of injuries Cynthia Mahon ("Plaintiff") sustained while operating a stand-up forklift designed and manufactured by Defendant. Plaintiff claims, *inter alia*, that Defendant is liable for punitive damages for failing to place doors on its forklifts, rendering them defective and dangerous to consumers. Defendant counters that doors would increase the risk of more serious injury and that Defendant's decision not to install doors cannot, as a matter of law, provide the requisite basis for punitive damages.

This Court denied Defendant's Motion for Partial Summary Judgment as to Plaintiff's punitive damages claim on December 21, 2007. On January 23, 2008, in a similar "no door" punitive damage claim against Defendant, a United States District Court in Missouri granted Defendant's Motion for Partial Summary Judgment. On the basis of this decision, and supplemental clarifying information, Defendant has filed this Motion for Reconsideration. For the following reasons, this Motion is denied.

**STANDARD**

Although the Federal Rules of Civil Procedure do not provide for a "motion to reconsider," a court may reexamine any non-final order at the urging of a party under Rule 54(b). A court order resolving fewer than all of the parties' claims is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

PDF created with pdfFactory trial version www.pdffactory.com

Fed. R. Civ. P. 54(b).  Nonetheless, a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988).  This principle is generally embodied in the law of the case doctrine, which counsels against reopening questions once resolved in ongoing litigation.  <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989)(citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 788-89).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it."  <u>United States v. Martin</u>, 226 F.3d 1042, 1048-49 (9th Cir. 2000).  The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  <u>Pyramid</u>, 882 F.2d at 369 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 790).

In a motion for reconsideration, the moving party must show "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. Local R. § 78-230(k).  "To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  <u>Ketchum v. City of Vallejo</u>, No. Civ. S-05-1098 RRB JFM, 2007 WL 4356137, at *1 (E.D. Cal. Dec. 11, 2007).

///

///

3

PDF created with pdfFactory trial version www.pdffactory.com

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

**ANALYSIS**

**1.  No Change of Controlling Law**

Defendant does not base its Motion for Reconsideration on an intervening change of controlling law.  The only intervening case law Defendant cites is a United States District Court order granting Crown's Motion for Partial Summary Judgment.  Martin v. Crown Equip. Corp., No. 05-3407-CV-S-GAF (W.D. Mo. Jan. 23, 2008).  In that case, the plaintiff brought an action against Defendant after sustaining serious injuries when his left leg extended outside the open operator compartment of a Crown forklift and was crushed between the forklift and a concrete post.  Id. at 2.  The plaintiff sought punitive damages for the door-less design under negligence and strict liability theories.  Id. at 11.  The District Court found that the plaintiff in that case could not meet the applicable standard under Missouri state law.  Id. at 11-15.  This Court's original Order relied on Ninth Circuit case law and a Missouri district court's decision regarding Missouri state law does not compel this Court to amend its decision.
///
///
///

4

PDF created with pdfFactory trial version www.pdffactory.com

**2.   No New Evidence**

Defendant has not presented any new evidence.  Defendant puts forward several arguments previously raised in the Motion for Partial Summary Judgment and Reply in Support of that Motion.  Defendant also "clarif[ies]" perceived confusion in this Court's Memorandum and Order denying Defendant's Motion for Partial Summary Judgment.  Neither the rehashed arguments, nor the clarifications, constitute new evidence.

**3.   No Clear Error or Manifest Injustice**

Defendant's principle argument is that this Court's decision denying Defendant's Motion for Partial Summary Judgment was clear error that resulted in manifest injustice.  Defendant claims it was faced with a "Catch-22" as to whether to install doors on its forklifts insofar as Defendant maintains it could be subject to punitive damages under either design choice.  In its original Motion for Partial Summary Judgment, Defendant discussed its patented entry bar system.  This system slows the forklift and sounds an alarm if the operator places his or her foot outside the forklift's running lines.  In the December 20, 2007, Order this Court stated the "evidence [Defendant] presents regarding the entry bar system indicates additional possibilities in preventing operator injuries."  Mem. & Order 8, Dec. 20, 2007.  As Defendant points out, the forklift Plaintiff was operating had an entry bar.
///

5

PDF created with pdfFactory trial version www.pdffactory.com

However, the "additional possibilit[y]" of an entry bar alone was not dispositive of the decision to deny Defendant's Motion for Partial Summary Judgment and therefore does not support Defendant's Motion for Reconsideration.

Defendant next asserts this Court erroneously implied Defendant was obligated to prevent operator injuries to avoid punitive damages. This Court agrees Defendant was not required to become the insurer of the safety of the product's user. Nonetheless, the existence of other safety precautions and Defendant's knowledge of them are relevant to the determination as to whether Defendant acted with "willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1).

Defendant claims this Court mistakenly characterized the facts of <u>McEuin v. Crown Equipment Corp.</u>, 328 F.3d 1028 (9th Cir. 2003), as "strikingly similar" to those of this case. Mem. & Order 7, Dec. 20, 2007. In <u>McEuin</u>, the Ninth Circuit upheld a jury award of punitive damages against Defendant for defective design because the operator cabin of a Crown forklift was not enclosed with a door. Defendant claims "[t]he only two similarities [between <u>McEuin</u> and the case at bar] are that both involved lower left leg injuries and both forklifts had open operator compartments." The only <u>material</u> differences between the two cases are: (1) that the <u>McEuin</u> forklift did not have an entry bar; and (2) that, in <u>McEuin</u>, the court found that "Crown attempted to conceal that the 30RC [model forklift] was defective by misleading Price-Costco as to the requirement of industry standards." <u>McEuin</u>, 328 F.3d at 1036.

6

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff has not alleged Defendant made any such misleading statements in this case. In addition to the lack of an entry bar, Defendant notes "other design differences" between the 30RC forklift in McEuin and the RC3000 forklift. Defendant does not, however, indicate how other design differences alter the outcome on this issue since both forklifts had open operator compartments. Defendant attempts to distinguish McEuin, stating McEuin contended that he diverted his attention in order to check on the position of his cargo and extended his left leg outside the operator's cabin as he leaned toward the front of the forklift. However, in McEuin, the plaintiff "inadvertant[ly] extend[ed] ... his foot to maintain his balance." Id. at 1031. In this case, Plaintiff's left foot came out of the operator compartment after she attempted to engage the foot brake and lost her balance. Mem. & Order at 11-14, Dec. 20, 2007. In both cases, the plaintiff's left foot was crushed after the forklift operator extended it out of the moving vehicle in an attempt to maintain balance.

    The facts of both McEuin and Plaintiff's case are indeed strikingly similar. Both involve forklifts with open operator compartments. Both accidents occurred when the forklift was traveling in reverse. Each operator's left foot extended outside the vehicle after the operator lost balance.

///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

As a result, each operator's left foot was crushed. This Court did not err in relying, in part, on the McEuin decision to support a denial of Defendant's Motion for Partial Summary Judgment.[2]

Finally, Defendant contends that even if this case is similar to McEuin, substantive due process requires that Defendant not be punished twice for the same conduct. Defendant cites State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 416 (2003) in support of this claim. In that case, the Supreme Court found that an award of $145 million in punitive damages on $1 million in compensatory judgment violated due process. State Farm does not, as Defendant alleges, prevent multiple punitive damages awards against a defendant for a single course of conduct. Rather, the Court stated that punitive damages calculations may not include "other parties' hypothetical claims against a defendant," because this would "create[] the possibility of multiple punitive damages awards for the same conduct." Id. at 423. The Supreme Court acknowledged that, in the context of punitive damages, "nonparties are not bound by the judgment some other plaintiff obtains." Id. Therefore, multiple punitive damages awards are prohibited only when they include calculations of other parties' hypothetical claims.

///

///

---

[2] This Court notes that McEuin, the Missouri District Court case, and the present case all involve Crown forklifts with open operator compartments. In all three cases, the operator, whose left foot was crushed when it extended out the left side of the operator compartment, sued Defendant for defective design.

8

PDF created with pdfFactory trial version www.pdffactory.com

Defendant cites no California law prohibiting plaintiffs suffering similar injuries from receiving punitive damages awards resulting out of the same products liability claim.

This Court recognizes the inaccuracy in citing Defendant's patented entry bar system as an "additional possibilit[y]" of a safety device when Plaintiff's forklift had such a system. However, this Court did not rely exclusively on a lack of an entry bar system in deciding to deny Defendant's Motion for Partial Summary Judgment.  That Plaintiff's forklift was actually equipped with this system does not alter this Court's conclusion that the denial of Defendant's Motion was proper.  Denying the Motion was not "clear error," and allowing that decision to stand does not result in manifest injustice to Defendant.

**CONCLUSION**

In support of its Motion for Reconsideration, Defendant has not reported an intervening change of controlling law or presented any new evidence.  This Court does not find any error in its prior Order, nor does it find that Defendant will suffer any manifest injustice.  Accordingly, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com